

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-19-00048-CR

———————————————

ROSS WILLIAMS CARNEAL, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR13415

Before Bassel, Kerr, and Birdwell, JJ.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Appellant Ross Williams Carneal appeals from the trial court's judgment revoking his community supervision, adjudicating his guilt for evading arrest with a vehicle, sentencing him to ten years' confinement, and ordering him to pay $90 in court costs. We modify the judgment to delete $15 of the total costs assessed because the amount represents a fee that is not a statutorily authorized cost, and we affirm the judgment as modified.

A grand jury indicted Carneal for the offense of evading arrest with a vehicle. *See* Tex. Penal Code Ann. § 38.04. Under the terms of a plea-bargain agreement, Carneal pleaded guilty to the offense, and the trial court deferred adjudicating his guilt and placed him on community supervision for six years. The trial court also imposed a nonsuspended $1,000 fine, pursuant to the terms of the plea-bargain agreement, and assessed court costs in the amount of $349.

During the period of Carneal's community supervision, the State filed a motion to proceed with an adjudication of guilt. The State alleged that Carneal had violated three conditions of his community supervision: (A) committed a new offense, (B) failed to report his arrest to his community supervision officer within five days, and (C) failed to perform his weekly quota of community-service hours from July 2017 to October 2018. Carneal pleaded "not true" to allegations A and B and pleaded "true" to allegation C. The trial court heard evidence regarding the State's violation allegations, found all three allegations to be true, and adjudicated Carneal guilty of the

2

underlying offense.  The trial court sentenced Carneal to ten years' confinement.  The judgment adjudicating guilt orders Carneal to pay $90 in court costs.

Carneal's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion.  Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.  *See* 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).  In compliance with *Kelly v. State*, counsel notified Carneal of the motion to withdraw, provided him a copy of the brief, informed him of his right to file a pro se response, informed him of his pro se right to seek discretionary review should this court hold that the appeal is frivolous, and took concrete measures to facilitate Carneal's review of the appellate record.  436 S.W.3d 313, 319 (Tex. Crim. App. 2014).  This court afforded Carneal the opportunity to file a response on his own behalf, but he did not file a brief.

As the reviewing court, we must conduct an independent evaluation of the record to determine whether counsel is correct in determining that the appeal is frivolous.  *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 923 (Tex. App.—Fort Worth 1995, no pet.).  Only then may we grant counsel's motion to withdraw.  *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief and the record. After reviewing the itemized bill of costs,[1] we conclude that there is no statutory authority authorizing the $15 assessed for "Motion to Proceed/Revoke Fee." *See Thiebaud*, 2019 WL 983747, at *2. Because "[o]nly statutorily authorized court costs may be assessed against a criminal defendant," we modify the judgment, the incorporated order to withdraw funds, and the bill of costs to delete this $15 fee, leaving total court costs of $75. *See Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014); *Thiebaud*, 2019 WL 983747, at *2; *Wright v. State*, No. 02-18-00352-CR, 2019 WL 311195, at *2 (Tex. App.—Fort Worth Jan. 24, 2019, no pet.) (mem. op., not designated for publication); *see also Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (holding that an appellate court has the authority to modify a judgment in an *Anders* appeal).

Except for this improperly imposed fee, we agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the record that arguably might support the appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005). Accordingly, we grant counsel's motion to withdraw and affirm as

---

[1]Because Carneal did not appeal the order placing him on deferred-adjudication community supervision, the $1,439 in costs and fines originally imposed in that order cannot now be challenged. *See Wiley v. State*, 410 S.W.3d 313, 320–21 (Tex. Crim. App. 2013); *Thiebaud v. State*, No. 02-18-00173-CR, 2019 WL 983747, at *2 (Tex. App.—Fort Worth Feb. 28, 2019, no pet.) (mem. op., not designated for publication). We therefore limit our review to only the $90 of court costs that were assessed in the judgment adjudicating guilt.

4

modified the trial court's judgment and the order to withdraw funds incorporated therein.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  October 24, 2019